UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY R. NELSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,[1]<br><br>Defendant. | CASE NO. 12-cv-05540 RJB<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: January 31, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 16, 17, 18).

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

The ALJ found that plaintiff was not disabled because he could perform representative unskilled jobs including night cleaner and polisher. The polisher job exists in significant numbers in the national economy, and thus any error related to the night cleaner job is harmless. Accordingly, the undersigned recommends that the ALJ's decision be affirmed.

## BACKGROUND

Plaintiff, TIMOTHY R. NELSON, was born in 1970 and was 35 years old on the alleged date of disability onset of May 6, 2005 (Tr. 121-28). Plaintiff was in special education all through school and graduated from high school (Tr. 32-33). Plaintiff worked in construction doing concrete foundations from 1990 to 2005 (Tr. 33, 169). He suffered an on-the-job low back injury in 2003 and underwent a laminectomy that same year (Tr. 252). Although he initially returned to work, he alleges that his physical impairments prevented him from working after May 2005 (Tr. 33).

The ALJ found that Plaintiff's degenerative disk disease of the lumbar spine, status post surgeries; post laminectomy syndrome; myofascial pain; depression, learning disorder; and borderline intellectual functioning are severe impairments (Tr. 13).

At the time of the hearing, Plaintiff was single and living in a rented house (Tr. 32, 36).

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits pursuant to 42 U.S.C. § 423 (Tr. 125-26). The applications were denied initially and following reconsideration (Tr. 61-66, 70-74). Plaintiff's requested hearing was held before Administrative Law

Judge Timothy Mangrum ("the ALJ") on December 30, 2010 (*see* Tr. 26-57). On April 18, 2011, the ALJ issued a written decision concluding that Plaintiff was not disabled under the Social Security Act (Tr. 11-20).

On April 19, 2012, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June 2012 (*see* ECF No. 1). Defendant filed the sealed administrative record ("Tr.") regarding this matter on February 13, 2013 (*see* ECF Nos. 13, 14).

As summarized by Defendant:

> Plaintiff argues that the ALJ did not apply the correct legal standards or support his step five findings with substantial evidence (internal citation to Plaintiff's Opening Brief at 5-15). He also argues the ALJ's evaluation of his credibility and or residual functional capacity was deficient (internal citation to Plaintiff's Brief at 5-15).

(Defendant's Brief, ECF No. 17, at 4-5; *see also* ECF Nos. 16, 18).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A),

1382c(a)(3)(A). A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Social Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases));

*Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp., supra*, 332 U.S. at 196). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

## DISCUSSION

Plaintiff argues that the ALJ erred in finding at step five that he could work as a polisher and night cleaner (Tr. 20) because (1) the polisher job does not exist in significant numbers whether in the region or within "several regions of the country," and (2) plaintiff's testimony and medical opinions credited by the ALJ show that he cannot perform all of the duties as a night cleaner. The undersigned will address each argument in turn.

A.  The Polisher Job Exists in Significant Numbers in the National Economy.

The vocational expert ("VE") testified that the Plaintiff can perform the job of polisher and that there are 22,000 of these jobs nationally and 30 in Washington state (Tr. 54). Plaintiff argues that the polisher job does not exist in "significant numbers," and thus the ALJ erred in relying on the VE's testimony as to that job at step five.

Defendant bears the burden at step five to show that a claimant can perform work that exists in the national economy, which means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

Here, plaintiff argues that finding a significant number of jobs available nationally is not equivalent to finding a significant number of jobs in "several regions of the country," and argues that because the ALJ did not evaluate whether or not the 22,000 jobs were available in "several regions," the ALJ committed legal error (ECF No. 16, pages 9-10; ECF No.18, pages 1-4). His argument is not supported by Ninth Circuit authority.

In *Beltran v. Astrue*, the court considered plaintiff's argument that a national standard was not the same as "several regions of the country" and concluded that distributing 1,680 jobs nationwide was not a significant number even if the court assumed that they were distributed among several regions across the nation. 700 F.3d 386, 389 (9th Cir. 2012) ("The statute in question indicates that the 'significant number of jobs' can be *either* regional jobs (the region where a claimant resides) *or* in several regions of the country (national jobs)." (emphasis in original)). The court expressly stated that it did not need to decide what a "significant number" was, but made it clear that national

statistics were relevant in determining if the number was significant in "several regions of the country." (*Id*). A number of other courts have also considered national statistics to be relevant when determining whether or not there are a significant number of jobs in "several regions of the country." *See, e.g.*, *Albidrez v. Astrue*, 504 F.Supp.2d 814, 824 (C.D. Cal. 2007) ; *Murphy v. Colvin*, Case No. C13-15RAJ, 2013 WL 5371955, at *14 (W.D. Wash. Sept. 24, 2013); *Yepiz v. Colvin*, Case No. CV12-5226-AJW, 2013 WL 1339450, at *9 (C.D. Cal. Mar. 28, 2013). Furthermore, plaintiff cites no cases stating that, in this context, the term "several regions of the country" is not substantially the same as "nationwide," and the undersigned is not aware of any.

Therefore, for purposes of this case, where the VE provided national and regional statistics, if either a significant number of jobs exist in the region where the claimant resides or in the nation as a whole, then the ALJ's decision should be upheld.

The Ninth Circuit has not defined "significant numbers" in terms of a precise amount, but district courts in this circuit have found numbers in the national economy to be significant that are substantially the same or lower than the national number of polisher jobs at issue in this case (22,000). *See, e.g.*, *Albidrez*, 504 F.Supp.2d at 824 (finding 20,450 national jobs to be significant); *Murphy*, 2013 WL 5371955, at *14 (finding 17,782 national jobs to be significant); *Yepiz*, 2013 WL 1339450, at *9 (finding 15,000 national jobs to be significant).

Because the VE's testimony establishes that the polisher job exists in significant numbers in the national economy, the ALJ did not err in relying on that testimony at step five.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7

B. <u>Any Error Related to the ALJ's Finding that Plaintiff can Work as a Night Cleaner is Harmless.</u>

Plaintiff argues that the ALJ's finding that he can work as a night cleaner is contradicted by his subjective testimony regarding his subjective pain, as well as two credited medical opinions. (ECF No. 16, Pages 10 – 12). Plaintiff acknowledges that the ALJ discounted the credibility of his subjective testimony, but argues that the ALJ did not provide the requisite clear and convincing reasons to do so (ECF No. 16, at 12). Plaintiff correctly states the standard to be applied to his testimony regarding pain (*id.*). Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407). Absent affirmative evidence that the claimant is malingering, the ALJ must provide specific "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen, supra*, 80 F.3d at 1283-84 (*citing Dodrill, supra*, 12 F.3d at 917); *Reddick, supra*, 157 F.3d at 722 (*citing Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).

1. *The ALJ Did Not Err in Discounting Plaintiff's Credibility.*

The ALJ provided a number of reasons to discount plaintiff's credibility, including (1) objective medical evidence showing that plaintiff's impairments improved with physical therapy, (2) inconsistent treating and examining source opinions, (3) inconsistent mental status examination findings, (4) inconsistent daily activities, and (5) evidence of

possibly symptom exaggeration (Tr. 16-18). Plaintiff's Opening Brief challenges only the first reason (ECF No. 16, at 12-14).[2] Even if plaintiff were correct that the ALJ mischaracterized the record when finding that his impairments improved, this error would be harmless because the ALJ provided a number of other unchallenged reasons to discount Plaintiff's credibility. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding that the inclusion of improper credibility reasoning among other valid reasons is harmless error, so long as the errors do not negate the validity of the ALJ's ultimate adverse credibility determination).

At least one of the unchallenged reasons is clear and convincing. For instance, as noted by the ALJ, the record contains evidence showing that plaintiff failed to exhibit full effort during a November 2010 functional capacity evaluation, and failed to call the following day to report on his pain levels as requested (Tr. 662, 667). This is a clear and convincing reason to discount plaintiff's credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Furthermore, as noted by the court in *Molina*, 674 F.3d at 1115, "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record" (*Id.* (citations omitted)). Because in this case the ALJ provided at least one other valid reason for discounting plaintiff's

---

[2] Plaintiff raises other challenges to the ALJ's credibility reasoning in his Reply Brief (ECF No. 18, at 4-11). Because these arguments were made for the first time on reply, they are waived and the undersigned will not address them. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.").

credibility that were supported by the record, any alleged error by the ALJ regarding an invalid reason is harmless.

### 2. *Plaintiff has Not Shown that the ALJ Otherwise Erred in Assessing his RFC.*

Plaintiff argues that the requirements of the night cleaner job are inconsistent with two credited medical opinions (ECF No. 16, at 14-15), but does not argue that the ALJ erred in failing to fully account for those medical opinions when assessing his RFC. The undersigned need not address whether the ALJ erred in finding that plaintiff could perform the night cleaner job, even though he credited allegedly inconsistent medical opinions, because, as shown *supra*, the ALJ's step-five findings are independently supported by the VE's testimony that plaintiff can perform the polisher job. Thus, any error related to an inconsistency between the requirements of the night cleaner job and the credited medical opinions is harmless. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) (declining to address whether an ALJ erred in finding that a claimant could perform one job if the ALJ did not err in finding that a claimant could perform another job).

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.

Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 31, 2014, as noted in the caption.

Dated this 14th day of January, 2014.

J. Richard Creatura
United States Magistrate Judge